# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CASSANDRA R. JONES,

    Plaintiff,

  v.                                              Case No. 13-CV-1202

PALERMO VILLA,

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## TO PROCEED *IN FORMA PAUPERIS*

The plaintiff, Cassandra Jones ("Jones") filed a complaint against defendant Palermo Villa on October 25, 2013. (Docket # 1.) Jones alleges that Palermo Villa discriminated against her based on her race and her gender and because she suffers a disability. (*Id.* at 3.) Jones simultaneously filed a motion to proceed *in forma pauperis*. (Docket # 2). Because I find Jones is indigent for purposes of the federal *in forma pauperis* statute and that her complaint is not frivolous or malicious and that it states a claim, her motion will be granted.

## FACTS

Jones included a detailed addendum to her complaint in which she describes the experiences she believes establish her claims against her former employer, Palermo Villa. (Docket # 1-1.) Jones' account begins in December of 2011, when her supervisor told her to move an employee. She states that she also was disciplined for inquiring about her schedule and then moved to first shift. (*Id.* at 1.) Jones also states that in the same month she was told by a coworker that he was not comfortable speaking to her alone. (*Id.*) Jones states that in February of 2012, she went to the company's human resources department after not receiving a weekend off. The same month, she was told by her

superior at a team meeting that her absences were "because of her lifestyle" without further explanation, even though she requested one. (*Id.* at 2.) Jones states her absences that preceded this comment were due to migraine headaches. (*Id.* at 11; Compl., Docket # 1 at 3.) She states that she reported the incident to human resources. (Docket # 1-1 at 2.) Later, Jones was told that her superior did not mean the statement in a discriminatory way. (*Id.* at 3.)

Jones states that in April she was given a written warning that stated her attendance was at issue following taking approximately a month of medical leave, for which she was paid through short term disability. (*Id.*) Jones told her supervisor and an HR representative, who were at the meeting, that she believed the disciplinary actions were discriminatory and that she planned on "handl[ing] it through the EEOC." (*Id.*) She also states that in May, she was never informed that ICE was coming to remove suspected undocumented immigrants working at the plant (*id.* at 4) and that this affected her ability to supervise and manage her department, as she lost all of the employees in the packing department (*id.* at 5, 6, 7). Jones states that in July of 2012, she was asked to attend a meeting at which she was told that her employment was being terminated and offered a severance package. (*Id.* at 8.) According to Jones, the severance package required her to relinquish her rights to file charges against the company. (*Id.*)

Jones also states that she was often left out of meetings where her colleagues were in attendance. (*Id.* at 5, 6.) She also says that she was often, if not always, given the last choice in which days to take off among the supervisors. (*Id.* at 6, 7.) Jones also states that the company's practice regarding taking paid time off was not applied to her and that instead, she was required to take more paid time off than her colleagues. (*Id.* at 10.) In sum, Jones alleges that she was treated differently from other employees because she was the only female supervisor and the only African American

supervisor in the company. (*Id.* at 11-12.) She also alleges that Palermo violated Titles I and V of the Americans with Disabilities Act ("ADA"); that she was retaliated against for saying she was going to the EEOC; and that she was also fired for using her FMLA leave.

Jones attached to her complaint a Notice of Right to Sue from the Equal Employment Opportunity Commission, which was issued on July 29, 2013. In her complaint to the EEOC, Jones alleged that Palermo violated Title VII and the ADA, particularly Title I. (Docket # 1-2.)

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. §1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations.

First, the court must determine whether the litigant's inability to pay the costs to commence the action is true. 28 U.S.C. § 1915(a). This is to be determined by a review of the litigant's assets as stated on an affidavit submitted to the court. *Id.*

Second, the court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is considered frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, the plaintiff's allegations must be taken as true statements

of the facts and all reasonable inferences must be drawn in his favor. *Id.* Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In her motion and affidavit to proceed without prepayment of fees and/or costs, Jones states that she is unmarried and supports one child, who is disabled. Jones states that she is unemployed. She owns a residence that is valued at $30,000.00, but she states she is behind on her mortgage payments. Jones also states that she owns a vehicle, which is valued at $500.00. She has $50.00 in a bank account. She does not own any stocks, bonds, trusts, or individual retirement accounts. Her monthly income totals $1,446, while her monthly expenses total $1,933. Based on the information provided in Jones' affidavit and petition, I am satisfied that she is indigent for the purposes of the *in forma pauperis* statute.

I next turn to the question of whether Jones' action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Jones brings this action pursuant to the Title VII of the Civil Rights Action 1964, as amended, 42 U.S.C. § 2000e et seq. Title VII prohibits discrimination based upon race, color, religion, sex, or national origin with respect to hiring, compensation, or the terms, conditions, and privileges of employment. Jones also seems to make a retaliation claim under Title VII. In order to state a retaliation claim under Title VII, Jones "must allege that her employer instituted an adverse employment action as a result of her taking part in a specific protected activity." *Harris v. Nevada Corp.*, No. 10-cv-690-slc, 2010 WL 4922515 (W.D. Wis. Nov. 29, 2010) (citing *Tamayo v. Blagojevich*,

526 F.3d 1074, 1084 (7th Cir. 2008). In her complaint, Jones alleges that she was harassed and discriminated against because of her race and her gender. Particularly, Jones alleges that she was treated differently than other employees, reprimanded for things for which other employees were not reprimanded, left out of decision-making processes, and that certain policies, such as the policy regarding taking paid time off, were applied differently to her than other employees. Her complaint, as well as the attached addendum, allege facts sufficient to outline the cause of action and provides a short and plain statement of her Title VII claim. Further, the attached EEOC Notice of Right to Sue letter includes a Title VII claim. (Docket # 1-2.) It therefore appears that this claim has been administratively exhausted.

Jones also alleges that Palermo violated the ADA. To establish a *prima facie* claim under the ADA, a plaintiff must show: "(1) [she] is disabled within the meaning of the ADA; (2) [she] was meeting [her] employer's legitimate employment expectations; (3) [she] suffered an adverse employment action; and (4) similarly situated employees receive more favorable treatment." *Rooney v. Koch Air, LLC*, 410 F.3d 376, 380-81 (7th Cir. 2005). To establish that she is disabled, Jones can show: (1) that she has a physical or mental impairment that substantially limits one or more of her major life activities; (2) that she has a record of such an impairment; or (3) that she is regarded as having such an impairment. 42 U.S.C. § 12102(2); *see also Robinson v. C&D Technologies*, No. 06-CV-1002, 2008 WL 4239014, *4 (E.D. Wis. Sept. 15, 2008). As with her Title VII claims, Jones has properly alleged facts that constitute a short and plain statement of her ADA claim, which satisfies the requirements of Fed. R. Civ. P. 8(a)(2). Similarly, a claim under Title I of the ADA was included in her Charge of Discrimination form filed with the EEOC. That claim, therefore, appears to be properly administratively exhausted. (*See* Docket # 1-2.)

- 5 -

Jones also seems to also bring a claim under the Family and Medical Leave Act ("FMLA"). In order to bring a claim of retaliation or interference under the FMLA, Jones first needs to be plead that she was eligible for the FMLA's protections. *See Scruggs v. Carrier Corp.*, 688 F.3d 821, 825 (7th Cir. 2012) (internal citation and quotation omitted). Based on the complaint and the addendum, it is not clear if Jones is trying to allege a retaliation or an interference claim or both. To state a claim for FMLA interference, Jones must show that: (1) her employer was covered by the FMLA; (2) she was entitled to leave under the FMLA; (3) she provided sufficient notice of her intent to take FMLA leave; and (4) her employer denied her FMLA benefits to which she was entitled. *Id.* To succeed on a retaliation claim, a plaintiff must present evidence that her employer took a materially adverse action against her because of her protected activity. *Goelzer v. Sheboygan County, Wis.*, 604 F.3d 987, 995 (7th Cir. 2010). The difference between a retaliation and interference theory is that retaliation requires only proof that the employer denied the employee her entitlements under the Act. *Id.* (internal quotation and citation omitted). In order to succeed on a retaliation claim, the employee needs to show that the protected conduct was a motivating or substantial factor in the employers' decision; it not need be the only reason for the adverse action. *Id.* Jones' complaint and addendum do not, at this point, state a claim for either cause of action under the FMLA.

Therefore, Jones' motion to proceed *in forma pauperis* is granted as to her claims under Title VII and the ADA.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals

Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Jones is hereby notified that, from now on, she is required to send a copy of every paper or document he files with the court to the opposing parties or to their attorneys. She should also retain a copy of each document for her own files. If she does not have access to a photocopy machine, she may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has ben sent to the defendants or to their attorneys.

In addition, she should notify the clerk of court of any changes of address. Failure to do so could result in an order or other information not being delivered in a timely manner, thus affecting her legal rights.

Dated at Milwaukee, Wisconsin this 6th day of December, 2013.

BY THE COURT

 s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge